**STATE of Iowa, Appellee,**

v.

**David Lee ANDERSON, Appellant.**

**No. 52771.**

Supreme Court of Iowa.

Jan. 9, 1968.

Stamatelos & Glenn, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., for appellee.

MOORE, Justice.

Defendant, David Lee Anderson, was charged, tried and convicted in Hancock County of the crime of breaking and entering in violation of Code section 708.8. He was sentenced to imprisonment in the Iowa State Penitentiary at Fort Madison for a period not to exceed ten years. From this judgment and sentence defendant appeals.

Prior to trial defendant filed a motion to suppress all evidence regarding certain tools taken from defendant's automobile following his arrest in Polk County on July 27, 1966 by members of the West Des Moines police department. He alleged an unreasonable search and seizure of said tools.

Defendant further alleged after he pleaded guilty to a charge of breaking and entering in Dickinson County his attorney attempted to retrieve the tools but was requested by Detective Duane Terpenning of the West Des Moines police department that he be permitted and allowed to keep said items until the State Bureau of Criminal Investigation had an opportunity to examine them in an effort to clear up other breaking and enterings. Defendant alleged his attorney had willingly agreed to cooperate after he had been assured by Terpenning and Frank Comito, assistant Polk county attorney, these items or any evidence regarding them would not be used against Anderson.

This motion to suppress was submitted to the trial court, then Judge John F. Stone, on the testimony of the West Des Moines arresting officers, Terpenning and Comito, all of whom were called by defendant. Thereafter the trial court prepared and filed well prepared findings of fact and conclusions of law.

After reviewing many authorities the trial court concluded the search and seizure of the tools was made substantially contemporaneously with defendant's arrest and his automobile was an instrumentality used in the transportation of burglar tools.

The court's findings and conclusions include: "As to the agreement between defendant's counsel and the Assistant Polk County Attorney, such agreement was not intended to bind anyone except Polk County. The Court entertains great doubt as to the efficacy of such an agreement. However, if such agreement had any force or effect in Polk County, it has absolutely no validity as to any prosecution in Hancock County, Iowa."

The court overruled defendant's motion to suppress as to the hammer or mall, two pry bars and a screw driver, which had been taken from defendant's automobile.

On trial, which had been delayed at defendant's request, evidence connecting the use of these tools in the breaking and entering herein involved was received over defendant's objection.

Defendant's sole assigned error on this appeal is: "That the Court erred in not suppressing all the evidence, in light of the agreement between defendant and the State of Iowa."

Defendant argues the agreement with the assistant Polk county attorney covered any charge in Iowa, a promise of immunity by a prosecutor is the same as a pledge of public faith and should be honored and that breach of the agreement amounted to denial of due process.

The State argues the agreement was limited to Polk County, the tools were burglar tools and therefore contraband to which defendant had no right of possession, the authority of a county attorney is limited to his own county and he possessed no right to grant immunity as claimed by defendant.

Our study of the abstract of record, the clerk's transcript and a transcript of the evidence submitted on hearing of the motion to suppress, leads us to conclude application of the agreement between defendant's attorney and the assistant Polk county attorney was limited to Polk County. We agree with the quoted statement of the trial court in this regard.

About 3 a. m. July 27, 1966 Raymond D. Fidler, a West Des Moines police officer, observed a 1965 blue and white convertible Thunderbird automobile bearing Colorado license plates being driven in an erratic manner. As he approached the vehicle he observed the passenger drinking beer while the car was in motion. Fidler then stopped the Thunderbird which he learned was being operated by one Collins. Defendant was the passenger. It was later learned defendant and his wife owned said vehicle.

As Fidler was stopping the Thunderbird Sergeant Victor Joseph Munoz, of the West Des Moines police force, arrived at the scene. Fidler arrested Collins for operating a motor vehicle while intoxicated. Soon thereafter Fidler took Collins to Still Hospital in Des Moines for a blood test and then returned to the West Des Moines police station.

Sergeant Munoz went to the passenger side of the Thunderbird and asked defendant to step out. Defendant did so and Munoz observed defendant was intoxicated. He placed defendant under arrest for intoxication and for consuming beer on a public

highway. As defendant stepped out of the automobile, Sergeant Munoz observed a can of beer in the front seat and also a pry bar with a prong missing, a screw driver, a suit case, binoculars and a First National Bank money pouch. These items were readily visible, due in part to the lighted street and to the inside lights of the automobile. Officer Munoz did not use a flashlight in making this observation either as to the beer cans or as to the tools. Sergeant Munoz placed defendant in Munoz' patrol car and went back to the Thunderbird. A partially filled can of beer was in the front seat and an empty beer can on the right side front seat on the floor. When Munoz reached down to pick the beer can from the floor of the automobile, he observed a pry bar and a hammer or mall under the front dashboard.

Sergeant Munoz took the beer cans, placed them in the patrol car, called for a tow truck and notified Detective Sergeant Duane Terpenning. After the tow truck arrived, Sergeant Munoz took the defendant to the West Des Moines police station and placed him in jail. The tow truck arrived with the Thunderbird shortly thereafter as did Detective Sergeant Terpenning. Officer Munoz remained on guard over the Thunderbird.

After receiving information from Colorado authorities regarding ownership of the vehicle, a search warrant was obtained and the officers removed the tools from the Thunderbird. The state claims nothing under the search warrant as it appears without dispute no sworn oath or affirmation was made by any of the officers as required by Code section 751.4. No issue, however, is raised on this appeal challenging the trial court's holding the tools were taken substantially contemporaneously with defendant's arrest and his vehicle was being used to transport burglar tools.

A charge of possession of burglar tools was filed in Polk County against defendant. Thereafter he entered a plea of guilty in Dickinson County to a charge of breaking and entering and was sentenced thereunder. The charge against him in Polk County was then dismissed at the instance of the Polk county attorney.

Thereafter defendant's attorney on several occasions requested the tools be returned to defendant by Sergeant Terpenning but willingly agreed the Bureau of Criminal Investigation could use the tools in an effort to clear up other breaking and enterings. Terpenning testified he had the impression defendant's attorney (a former assistant Polk county attorney) felt that by so doing no further prosecutions would be had of the defendant. Terpenning emphatically denied he had ever made such a promise to defendant's attorney and the trial court so found.

Frank Comito, an assistant Polk county attorney, testified he had a conversation with defendant's attorney, subsequent to the plea to breaking and entering in Dickinson County and subsequent to dismissal of the possession of burglar tools charge in Polk County. Attorney Glenn wished to have the tools back. Comito asked if he could send the tools to the Bureau of Criminal Investigation to have the tools checked. Defendant's attorney gave permission on all except one tool, a wrench. Comito testified a stipulation was entered into, apparently oral, that the Bureau of Criminal Investigation would not use the tools in evidence against the defendant. Comito further testified that by this stipulation he meant the Polk county attorney's office would not file any further charges against this defendant in Polk County. He further testified he was acting only on behalf of Polk County and was not attempting to bind any authorities in Hancock County. No claim is made the Bureau of Criminal

Investigation or anyone acting for the Bureau ever made any agreement relative to the return of the burglar tools to defendant or his counsel.

The trial court's finding the agreement was not intended to bind anyone except Polk County is supported by substantial evidence and we agree therewith. State v. Gates, Iowa, 150 N.W.2d 617 and citations. State v. Brant, Iowa, 150 N.W.2d 621.

This holding is determinative of defendant's only assigned error. We need not and do not decide any of the other contentions made by the parties.

Having found no reversible error, the judgment and sentence of the trial court must be affirmed.

Affirmed.

All Justices concur except MASON, J., who takes no part.